1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

KRISTOPHER K. GREENING,

7
                    Petitioner,

8
    v.

9

KARIN ARNOLD,

10
                  Respondent.

Case No. 2:25-cv-00595-BJR-TLF

ORDER

11      Petitioner proceeds pro se in this 28 U.S.C. § 2254 federal habeas corpus action.

12 Currently before the Court is plaintiff motion for reconsideration of the Court's order

13 granting respondent's motions for extension of time to file an answer to the habeas

14 petition. Dkt. 25.

15      On October 17, 2025, counsel for respondent moved for an extension of time,

16 until November 17, 2025, to file an answer to the petition. Dkt. 20. Counsel indicated

17 there was a delay in receiving the state court record in the case, substantial portions of

18 the state court record had not yet been transmitted by the state court, and counsel

19 required additional time to prepare the answer. *Id.* Petitioner opposed the motion, noting

20 that there was a prior delay due to an issue with service of the petition and he wanted a

21 resolution of his petition. Dkt. 21.

22      On October 24, 2025, counsel for respondent moved for another extension of

23 time, until December 17, 2025, to file an answer to the petition. Dkt. 22. Counsel stated

24
25

ORDER - 1

1  that the state court record is voluminous and even though some additional records from

2  the state court had come in, a good faith review indicated that pertinent items of the

3  state court record have not yet been received. *Id.* Counsel stated he had previously

4  scheduled international travel (pre-paid). *Id.* And he stated the Corrections Division of

5  the Washington State Attorney General's Office has an open and un-filled attorney

6  position that has been unfilled for several months, resulting in a heavier caseload for

7  other attorneys shouldering the caseload. *Id.* Petitioner did not file opposition to the

8  second motion for extension.

9      By order dated November 25, 2025, the Court, noting that it found good cause for

10 the extensions, granted both motions. Dkt. 24. The Court also noted, it was unclear from

11 the docket whether the petition had been sent and received by respondent in

12 accordance with the Court's initial service order, and therefore the Court had issued an

13 amended service order to ensure the respondent received proper notice of the action.

14 *Id.*

15     Petitioner now moves for reconsideration of the Court's order granting the

16 motions for extension and requests an explanation for why an amended service order

17 was issued in the case, noting that petitioner had filed a letter on September 10, 2025,

18 seeking an explanation. Dkt. 25. Petitioner argues the extensions of time violated his

19 right to due process and equal protection under the laws. *Id.* Petitioner appears to be

20 concerned that respondent's counsel did not submit documentation of his prepaid

21 previously scheduled international travel and that he did not inform the Court of this

22 earlier. *Id.* Petitioner again raises questions regarding the original service order and why

23 service was not completed pursuant to the original service order. *Id.*

24

25

Pursuant to Local Civil Rule 7(h), motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or law.

The Court notes that even accepting petitioner's argument that respondent's counsel should have informed the Court of his plans for international travel earlier, counsel provided other reasonable grounds for extension of time, including that he was waiting on additional records from the state court. The Court was required to issue an amended service order in this case because the Court's docket did not clearly reflect whether the petition had been sent and received by respondent in accordance with the Court's initial service order.

The Court understands and respects petitioner's desire for resolution of his petition. Yet the Court has a responsibility to ensure that parties receive proper notice, the record is complete, and that the parties have an adequate opportunity to prepare their arguments.

Because petitioner has not shown manifest error or new facts or law that could not have been presented earlier with reasonable diligence, petitioner's motion for reconsideration (Dkt. 25) is denied.

The Clerk is directed to provide a copy of this order the petitioner, counsel for respondent, and the assigned District Judge.

Dated this 9th day of January, 2026.


*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge